Button and another, Respondents, vs. Cole and another, Executors, Appellants.

*February 2 — February 26, 1901.*

*Replevin: Michigan statute: Death of plaintiff: Prosecution of suit by his sureties: Judgment binding on his estate.*

Sec. 7414, How. Ann. Stats. Mich. 1882, provides that when the sole plaintiff in a replevin action shall die during the pendency of the suit it shall be sufficient for the defendant to notify the sureties in the replevin bond to appear and prosecute the suit, and if they fail so to do then their appearance may be entered by the defendant, and thereupon the cause shall be proceeded in to judgment and execution in like manner and with like effect as though the same had been originally commenced in the name of the sureties. *Held*, that in such a case the sureties represent the estate of the deceased plaintiff, and a judgment against them is binding upon it. The owners of such judgment are entitled, therefore, to have it allowed as a claim against such estate.

Appeal from a judgment of the circuit court for Sheboygan county: Michael Kirwan, Circuit Judge. *Affirmed.*

This is an appeal from a judgment of the circuit court allowing a claim in favor of the respondents against the estate of one James H. Mead, deceased. James H. Mead died testate at the city of Sheboygan, September 22, 1891, and letters testamentary were duly issued to the appellants, who duly qualified as executors of said will. There was no dispute as to the facts of the case.

On the 17th of December, 1887, James H. Mead, deceased, commenced a replevin action in the circuit court for the county of Gogebic, in the state of Michigan, against Henry Ehrmantraut and Zellie Darrow, claiming to recover the possession of a quantity of personal property. A writ of replevin was issued and delivered to the sheriff, in said action, and the property seized and turned over to the said plaintiff, Mead, who took possession of the same, and con-

verted it to his own use. Before said property was turned over to Mead, a replevin bond was given to the sheriff under the statutes of Michigan, conditioned and signed as follows:

"The condition of this obligation is such that, if the above-bounden James H. Mead shall prosecute to effect a certain suit in replevin which he has commenced in the circuit court for the county of Gogebic against Zellie Darrow and Henry Ehrmantraut, defendants, for taking and unjustly detaining [here follows description of property], and if the said defendants shall recover judgment against him in said action, then, if he, the said James H. Mead, plaintiff, shall return the same property, if return thereof be adjudged, and shall pay to the defendant all such sums of money as may be recovered by such defendants against him in said action, then the above obligation to be void; otherwise to remain in full force and virtue.        JAMES H. MEAD, [L. S.]
"by O. E. KARSTE, Agent.
"O. E. KARSTE, [L. S.]
"F. A. HEALY, [L. S.]."

The defendants, Ehmantraut and Darrow, joined issue in said action. On the 29th of January, 1890, the issue came to trial in said court, and judgment of nonsuit was rendered against Mead. The property was not returned by Mead, and before any judgment was entered for the value thereof, and on the 22d of September, 1891, Mead died, being a resident of Sheboygan county of this state, and his will was in due time probated, and the appellants qualified as executors thereof. The executors made no attempt to revive said action, whereupon the defendants, pursuant to sec. 7414, How. Ann. Stats. Mich., notified the sureties in the replevin bond to appear and prosecute said suit, and the said sureties did appear, and such proceedings were thereafter had that on the 11th of December, 1897, judgment was duly rendered in said court in favor of Ehrmantraut and Darrow and against said sureties for damages for the value of said property replevied, amounting to $799.93. Execution was thereafter issued upon said judgment against said sureties, and returned wholly unsatisfied. Prior to the filing of this

Button and another vs. Cole and another.

claim said judgment was, for valuable consideration, assigned and transferred to the plaintiffs, and said replevin bond was also duly assigned to the plaintiffs.

The executors made objections to said claim on the ground that it did not constitute a valid claim against the estate upon the merits, and further that the same was barred by the six-year statute of limitations, being sec. 8713, How. Ann. Stats. Mich., and sec. 4222, Stats. 1898. Certain sections of the statutes of Michigan relating to the action of replevin were offered in evidence on the trial, which sections, so far as deemed essential, are as follows:

"Section 8324. Sec. 10. Before the officer shall deliver such property to the plaintiff, such plaintiff, or some one in his behalf, shall execute a bond to such officer and his assigns, with the addition of his name of office, with sufficient sureties, to be approved by such officer, in a penalty not less than one hundred dollars, and at least double the appraised value of such property; conditioned that the plaintiff will prosecute the suit to effect, and that if the defendant recover judgment against him in the action, he will return the same property, if return thereof be adjudged, and will pay the defendant all such sums of money as may be recovered by such defendant against him in the said action."

"Section 8346. Sec. 33. If the property specified in the writ shall have been delivered to the plaintiff, and the defendant recover judgment by discontinuance or nonsuit, such judgment shall be, that the defendant have return of the goods and chattels replevied, unless he shall elect to waive such return as hereinafter provided; and also that he recover the damages sustained by him by reason of the detention of such goods and chattels, which damages shall be assessed by a jury in the proper court.

"Section 8347. Sec. 34 (Am. 1865, p. 325, Mar. 15, June 22, Act 195). Whenever the defendant shall be entitled to a return of the property replevied, instead of taking judgment for such return, as above provided, he may take judgment for the value of the property replevied, in which case such value shall be assessed on the trial, or upon the assessment of damages, as the case may be, subject to the provisions of section twenty nine of this chapter."

" SECTION 8352.   Sec. 39.  If any writ of return, or other execution, issued in favor of the defendant in the action, shall be returned unsatisfied in whole or in part, such defendant or his representatives may have an action upon the bond executed by or on behalf of the plaintiff, to recover against the obligors therein the value of the property replevied, and the moneys, damages and costs awarded to such defendant, and such bond shall be assigned to such defendant or his representatives, on their request.

" SECTION 8353.   Sec. 40.  In such action the plaintiff shall assign breaches of the condition of such bond, as in other cases; and the return of the sheriff to the execution issued in the action of replevin, shall be evidence of such breach; the amount recovered in such action of replevin, and remaining uncollected, shall be the measure of the damages, if the value of the property replevied shall have been so recovered, and if not so recovered, and a return thereof shall have been awarded, such value shall be added to the damages and costs recovered in the action of replevin, and the amount of such value, damages and costs, remaining uncollected, shall form the measure of damages." ·

" SECTION 7397.   Sec. 5.  In addition to the actions which survive by the common law, the following shall also survive, that is to say: actions of replevin and trover, actions for assault and battery, or false imprisonment, or for goods taken and carried away, and actions for damage done to real or personal estate."

" SECTION 7414.   Sec. 22.  In all actions of replevin, or in attachment, when the sole plaintiff shall die during the pendency of the suit, it shall be sufficient for the defendant or defendants, as the case may be, to notify the surety or sureties in the replevin or attachment bond, to appear and prosecute the suit, and if he or they shall fail so to do within such time as the court shall direct, then his or their appearance may be entered by the defendant or defendants, and thereupon the cause shall be proceeded in to judgment and execution, in like manner, and with like effect, as though the same had been originally commenced in the name of such surety or sureties."

Upon these facts the court rendered judgment against the estate of Mead for the amount of the replevin bond, with interest and costs, and the executors appeal.

For the appellants there were briefs by *Fish, Cary, Upham & Black*, and oral argument by *A. L. Cary*.

For the respondents there was a brief by *Timlin, Glicksman & Conway*, and oral argument by *Nathan Glicksman.*

WINSLOW, J.   When Mead brought his action of replevin in the Michigan court he undoubtedly submitted himself to the provisions of the laws of Michigan governing such an action, and stipulated, in legal effect, that they should bind him and his personal representatives.   If, by the terms of the law of Michigan, the judgment rendered in the action in question December 11, 1897, was binding and conclusive upon the question of Mead's rights in the property replevied, notwithstanding his previous death, then the plaintiff's claim here was properly allowed, irrespective of other questions discussed.

The statute of Michigan, at the time the replevin action was brought, and at the time the judgment therein was rendered, provided (How. Ann. Stats. 1882, sec. 7414):

" In all actions of replevin,·  .      .    when the sole plaintiff shall die during the pendency of the suit, it shall be sufficient for the defendant or defendants, as the case may be, to notify the surety or sureties in the replevin  .    . bond to appear and prosecute the suit, and if he or they shall fail so to do within such time as the court shall direct, then his or their appearance may be entered by the defendant or defendants, and thereupon the cause shall be proceeded in to judgment and execution, in like manner, and with like effect, as though the same had been originally commenced in the name of such surety or sureties."

We have no similar provision in this state, nor have we found or been referred to any decisions in Michigan throwing light upon its proper construction.   We know of no legal reason, however, which would prevent the legislature from providing that a replevin action should proceed after death of the sole plaintiff, the plaintiff's rights being represented and protected by the sureties upon the bond, and the

judgment rendered becoming conclusive upon the rights of the original parties plaintiff as well as defendant. If such be the meaning of this section, then the claimants here must recover, because the provisions of this section were fully complied with. That such is its meaning we cannot doubt. It provides that sureties shall appear and prosecute *the suit*, and that *the cause* shall be proceeded in to judgment and execution. It is not another suit or cause which proceeds to judgment, but the suit or cause which the plaintiff commenced. Manifestly, it is the plaintiff's right to the property which is to be tried, not the sureties', for they have none. If the plaintiff's right be shown to be good, and a recovery had, it cannot be doubted but that the defendants will be bound by the result; and conversely it must follow that, if the defendants defeat the plaintiff's alleged right, the result must be equally binding on those now representing that right; otherwise, the trial would be merely the trial of a moot question, and the personal representatives of the deceased plaintiff could litigate the whole question over again at any time, whatever the result of the trial under sec. 7414.

The only clause in the section which throws doubt on this construction is the last clause, providing that the cause shall proceed to the end with like effect as though originally commenced in the name of the sureties. It seems very apparent that this language is at least inaccurate. The sureties have no title to the property in dispute, and do not claim to have any. Had the suit been commenced by them originally, they could never have recovered. They must prosecute it as representatives of and in the right of the deceased plaintiff if they prosecute at all. This is the only view which gives reason to the section, and we think this last clause must be construed as meaning that the suit is to proceed in the name of the sureties in like manner and with the same effect as if the sureties were in fact the original plaintiffs and possessed the plaintiff's rights.

So construing the Michigan statute, it is evident that the estate of Mead was represented in the replevin action by the sureties upon the bond, and that therefore the judgment against the sureties bound the estate; and the plaintiffs here, being the owners of that judgment, were entitled to have the claim allowed against the estate because the matter was *res adjudicata*.

*By the Court.*— Judgment affirmed.